UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGO AMEZCUA-GONZALEZ,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>SYLVIE LOBATO, et al.,<br><br>　　　　　　　　　Respondents. | NO.  C16-979-RAJ-JPD<br><br>REPORT AND<br>RECOMMENDATION |

Through counsel, petitioner Hugo Amezcua-Gonzalez filed this 28 U.S.C. § 2241 habeas petition to obtain release from immigration detention and an emergency stay of removal. Dkt. 1. The Court granted a temporary stay of removal, which has since been vacated. Dkts. 2 & 13. Respondents have moved to dismiss, arguing that petitioner is lawfully detained. Dkt. 11. Petitioner has filed a response, contending that he should be released because his arrest was unlawful. Dkt. 14. Respondents filed a reply. Dkt. 15.

Having reviewed the parties' briefs, the balance of the record, and the governing law, the Court recommends that respondents' motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## **BACKGROUND**

Petitioner is a native and citizen of Mexico. Dkt. 1 at ¶ 3; Dkt. 7-11 at 2. In 1995, when he was four years old, he entered the United States without inspection and has lived in this country since. *See* Dkt. 1 at ¶ 3; Dkt. 7-11 at 2.

On February 8, 2011, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings against petitioner. Dkts. 7-1 & 7-2. On November 22, 2011, an Immigration Judge ("IJ") held a hearing, which was conducted *in abstentia* because neither petitioner nor his counsel appeared, and ordered petitioner removed to Mexico after finding that he had conceded removability at a prior hearing. Dkt. 7-3. However, petitioner was not removed.

On May 11, 2012, petitioner filed a Motion to Reopen the IJ's November 22, 2011 Order, arguing that he had not been informed of the hearing date and his counsel had been ineffective. Dkt. 7-5. Petitioner subsequently filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. Dkt. 7-6. On September 30, 2014, after notice and a hearing, an IJ denied petitioner's application for cancellation and granted him voluntary departure with an alternate order of removal to Mexico. Dkt. 7-7. Petitioner timely appealed, and on July 10, 2015, the Board of Immigration Appeals ("BIA") dismissed the appeal and ordered that the IJ's grant of voluntary departure be reinstated. Dkts. 7-8 & 7-9. The BIA informed petitioner that if he did not timely depart the United States, he would be removed pursuant to the IJ's alternate order of removal. Dkt. 7-9 at 4.

Petitioner was required to depart the United States on or before September 8, 2015. *See* Dkt. 7-10. He did not do so. On January 7, 2016, DHS issued a Notice – Immigration Bond Breached for failure to submit valid proof that petitioner had timely departed the United States. *Id.*

REPORT AND RECOMMENDATION - 2

On June 14, 2016, ICE officers arrested petitioner with the help of Wenatchee police following a traffic stop. Dkt. 7-11 at 3. In his habeas petition, petitioner alleges that a Wenatchee police officer pulled him over without a valid reason and began questioning his brother Gustavo, who was a passenger. Dkt. 1 at ¶¶ 13-16. The police took Gustavo into custody and told petitioner that he was free to go. *Id.* at ¶ 16. Shortly after, an ICE officer called petitioner and informed him that Gustavo wanted his wallet. *Id.* The officer asked petitioner to meet at a local park to deliver the wallet. *Id.* Petitioner had to get ready for work, so his wife took the wallet to the park. *Id.* On his way to work, petitioner drove past the park. *Id.* at ¶ 18. He saw both ICE and Wenatchee police officers coming towards him. *Id.* at ¶ 18. The police officer who had pulled him over earlier that day yelled, "That's him! That's him!" *Id.* ICE and Wenatchee police officers then pulled him over and arrested him. *Id.*

Petitioner was transferred to the Northwest Detention Center. *Id.* at ¶ 20. On June 22, 2016, DHS issued a Warrant of Removal/Deportation. Dkt. 7-12.

On June 24, 2016, petitioner filed the instant habeas petition and an emergency request for stay of removal, which the Court temporarily granted.[1] Dkts. 1 & 2. Petitioner admits that he is subject to a final order of removal, but he claims that he is qualified for Deferred Action for Childhood Arrivals and is preparing an application. Dkt. 1. He further asserts that he is entitled to habeas relief because the traffic stop and his subsequent arrest were unconstitutional. *Id.*

## **DISCUSSION**

Petitioner does not dispute that he is subject to a final order of removal or that ICE is authorized by statute to detain aliens subject to final orders of removal. *See* 8 U.S.C. § 1231(a). His only assertion is that he should be released because his arrest violated the Fourth Amendment. Dkt. 1 at 7.

---

[1] The temporary stay was vacated on September 1, 2016. Dkt. 13.

REPORT AND RECOMMENDATION - 3

The remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040-41 (1984); *United States v. Garcia-Beltran*, 443 F.3d 1126, 1131-32 (9th Cir. 2006); *see also Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2010) (exclusionary rule applies in civil removal proceedings only when the Fourth Amendment violation is egregious). But petitioner identifies no evidence to suppress; indeed, his removal proceedings concluded prior to his arrest. Moreover, "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039; *see also Garcia-Beltran*, 443 F.3d at 1132 ("[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity." (quotation omitted)). Accordingly, even if petitioner's arrest amounts to an egregious Fourth Amendment violation, he is not entitled to habeas relief, and his petition should be denied.

## CONCLUSION

The Court recommends that respondents' motion to dismiss, Dkt. 11, be GRANTED; petitioner's habeas petition be DENIED; and this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 27, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 28, 2016.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 6th day of October, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5